UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 JAN 16 AM 8:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| KAREN SUMMERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. CV-02-S-2912-NE |
| DILLARDS, INC., a/k/a CASTNER KNOTT DRY GOODS CO., d/b/a DILLARD'S, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss or, in the alternative, to stay the action and to compel arbitration.[1] The court denied defendant's motion in February 2003, relying upon its ruling in a similar case, *Goggins v. Dillard's Inc.*, Civil Action No.: CV-02-S-3216-NE, which held that, because defendant's arbitration rules provide for plaintiff's recovery of attorneys' fees only if she *completely* prevails in the arbitration, the rules undermine her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.[2] Defendant appealed to the Eleventh Circuit Court of Appeals,[3] which vacated this court's ruling in light of the holding in *Musnick v. King Motor Co. of Fort Lauderdale,* 325 F.3d 1255 (11th Cir. 2003), and remanded the case to this court for reconsideration of defendant's motion.[4]

---

[1] Doc. no. 3.

[2] Order of February 28, 2003 (doc. no. 8).

[3] Notice of Appeal (doc. no. 10).

[4] Doc. no. 23. Similarly, the Eleventh Circuit vacated the court's ruling in *Goggins*. *See Goggins v. Dillard's Inc.*, No. 03-11333, slip op. (11th Cir. September 24, 2003). In its certified order to this court,



In *Musnick*, the Eleventh Circuit held that "'an arbitration agreement is not unenforceable merely because it may involve some 'fee-shifting.'" *Musnick*, 325 F.3d at 1259. Rather, "[t]he party seeking to avoid arbitration under such an agreement has the burden of establishing that enforcement of the agreement would 'preclude' him from 'effectively vindicating [his] federal statutory right in the arbitral forum.'" *Id.* (citing *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 90, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000)). Musnick's assertion that being required to pay fees and costs if he did not prevail in the arbitration would deprive him of his Title VII rights was deemed to be "'too speculative," because he had not yet been assessed with any fees and might not ever be assessed with any. *Musnick*, 325 F.3d at 1260. A plaintiff in arbitration should first wait to see if he actually is taxed with any fees or costs, then discuss his concerns over the fee-shifting provision with the arbitrator, and finally, if the plaintiff is dissatisfied with the arbitrator's determination, he should seek relief from the district court. *Id.* at 1261.

Based on *Musnick*, the Eleventh Circuit held this court's decision that the fee-shifting provision in defendant's arbitration agreement was too speculative because it was unclear which party may prevail at arbitration and plaintiff may seek judicial review of an award if she feels that her available remedies were hindered.[5] Upon remand, the court finds that defendant's motion to dismiss or, in the alternative, to stay this action, and to compel

---

the Eleventh Circuit stated that the court should address the arguments raised in plaintiff's opposition to the motion to compel arbitration, in light of the *Musnick* holding. The court did so, and granted defendant's motion to dismiss and to compel arbitration in *Goggins*.

[5]*Summers v. Dillards, Inc.*, 351F.3d 1100, 1101 (11th Cir. 2003).

-2-

arbitration is due to be granted.

## I. FACTUAL BACKGROUND

Plaintiff was employed as an area sales manager (ASM) with Castner-Knott department store in Madison Square Mall, in Huntsville, Alabama, when Dillard's purchased the store and began operating it as a Dillard's Department Store.[6] Plaintiff continued to work as an ASM for Dillard's and was not asked to sign anything concerning arbitration when Dillard's acquired Castner-Knott.[7] In July 2001, all managers were informed that new hires would be required to sign an arbitration agreement as a condition of employment.[8] In August 2001, plaintiff signed a document entitled "Acknowledgment of Receipt of Rules of Arbitration" which provided that plaintiff would be subject to the Rules of Arbitration.[9] Plaintiff maintains that she was informed that the Rules of Arbitration did not apply to current employees and that signing the acknowledgment would not hurt current employees in any way.[10] Plaintiff contends that she never received a copy of the Rules of Arbitration.[11] Plaintiff's signed acknowledgment contains a handwritten statement next to her signature that reads "I acknowledge receipt of this Document only."[12]

---

[6] *See* Summers Affidavit ¶ 2, Exhibit 1A to Plaintiff's Notice of Filing Evidentiary Materials (doc. no. 4).
[7] *Id.*
[8] *Id.* at ¶ 4.
[9] *See id.* at ¶ 7 and attached exhibit (Acknowledgment of Receipt of Rules of Arbitration).
[10] *See id.* at ¶¶ 4, 6.
[11] *See id.* at ¶ 8.
[12] *Id.* at ¶ 16 and attached exhibit (Acknowledgment of Receipt of Rules of Arbitration).

-3-

Case 5:02-cv-02912-CLS   Document 24   Filed 01/16/04   Page 4 of 8

-4-

Plaintiff's last day at work was August 6, 2001.[13] She was placed on medical leave and long-term disability.[14] She filed a charge of discrimination with the EEOC in November 2001, and the EEOC issued its notice of right to sue on September 27, 2002.[15] Plaintiff then filed suit alleging claims under Title VII, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, and the Alabama Age Discrimination Act, Ala. Code § 25-1-29 (1975) (2000 Replacement Volume).[16] Defendant moves to dismiss or, in the alternative, to stay this action, and to compel arbitration.

## II. DISCUSSION

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA" or "the Act"), establishes a federal policy favoring arbitration. *See, e.g., Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987). Under the Act, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983).

The existence of a valid contract to arbitrate is determined by state law. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 1924, 131 L. Ed. 2d 985 (1995). Under Alabama law, there are two prerequisites for a valid arbitration contract: "(1) there must be a written agreement calling for arbitration[;] and (2) the contract in which

---

[13] *See id.* at ¶ 10.
[14] *Id.*
[15] *See* attachments to Complaint (doc. no. 1).
[16] *See* Complaint.

the arbitration agreement appears to relate to a transaction involving interstate commerce." *Prudential Securities v. Micro-Fab, Inc.*, 689 So. 2d 829, 832 (Ala. 1997) (citation omitted). Plaintiff contends that there is no valid agreement to arbitrate, and alternatively, that any such agreement to arbitrate was fraudulently induced.

### A.   Enforceable Written Arbitration Agreement

First, a written agreement calling for arbitration exists. Plaintiff signed a written "Acknowledgment of Receipt of Rules of Arbitration."[17] The Acknowledgment states as follows:

> EFFECTIVE immediately all employees (as hereinafter defined) of Dillard's, Inc., its affiliates, subsidiaries and Limited Liability Partnerships (the "Company") shall be subject to the RULES OF ARBITRATION (The "Rules") described below. Employees are deemed to have agreed to the provisions of the Rules by virtue of accepting employment with the Company and/or continuing employment therewith.[18]

Plaintiff contends that she did not enter into a valid contract with defendant because the essential elements of a contract (offer, acceptance, consideration, and mutual assent) were not present. Plaintiff's argument fails in all respects. Defendant offered plaintiff the right to continued employment if she agreed to the arbitration rules, and plaintiff accepted that offer when she signed the Acknowledgment of Receipt of Rules of Arbitration and continued working for defendant. *See Hoffman-LaRoche, Inc. v. Campbell*, 512 So. 2d 725, 733-34 (Ala. 1987) (recognizing formation of unilateral contracts through employment policies or

---

[17] *See* Summers Affidavit at ¶ 7 and attached exhibit (Acknowledgment of Receipt of Rules of Arbitration).

[18] *Id.* (attached exhibit).

-5-

employee handbooks coupled with continuation of employment, even if the arbitration rules are adopted after the employee has been hired). Plaintiff's choice to continue employment, after being notified of the arbitration rules, provides the consideration necessary to support the agreement. *See id.* at 734. Although plaintiff makes much of the fact that she never received a copy of the arbitration rules, and noted on the acknowledgment that "I acknowledge receipt of this Document only,"[19] the "Document" stated in express terms that "'Employees are deemed to have agreed to the provisions of the Rules by virtue of accepting employment with the Company and/or continuing employment *therewith*."[20] Thus plaintiff's continued employment with defendant manifests her assent to the terms of arbitration. It is well-settled that an employer *can* legally make compulsory arbitration a condition of employment. *See generally Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S. Ct. 1647, 114 L. Ed. 2d (1991); *see also Weeks v. Harden Manufacturing Corp.*, 291 F.3d 1307, 1315 (11th Cir. 2002); *Potts v. Baptist Health System, Inc.*, 853 So. 2d 194, 204-05 (Ala. 2002). Accordingly, a written agreement to arbitrate exists.

### B. Fraudulent Inducement

Plaintiff also argues that she was fraudulently induced to enter into the arbitration agreement. "Fraud in the inducement consists of one party's misrepresenting a material fact concerning the subject matter of the underlying transaction and the other party's relying on

---

[19] *Id.* at ¶ 16 and attached exhibit (Acknowledgment of Receipt of Rules of Arbitration).

[20] *Id.* at attached exhibit (emphasis supplied).

-6-

the misrepresentation to his, her, or its detriment in executing a document or taking a course of action." *Oakwood Mobile Homes, Inc. v. Barger*, 773 So. 2d 454, 459 (Ala. 2000) (citing *Reynolds v. Mitchell*, 529 So. 2d 227 (Ala. 1988)). Assuming plaintiff's assertions are true that defendant misrepresented a material fact, *i.e.*, the applicability of the arbitration rules to current employees, plaintiff must further show that she took a course of action to her detriment as a result of this misrepresentation of a material fact. Plaintiff argues that had she known that the arbitration rules would apply to her, she would never have signed the Acknowledgment of Receipt of Rules of Arbitration. Thus, plaintiff points to signing the acknowledgment waiving her right to litigate in a court of law as the course of action resulting in her detriment. But plaintiff's continued employment with defendant is the course of action binding her to the rules of arbitration. Plaintiff does not argue that she had she known she was bound to arbitration she would have terminated her employment with defendant. As such, plaintiff cannot argue that she was fraudulently induced.

### III. CONCLUSION

Plaintiff entered into a valid, enforceable arbitration agreement with defendant, pursuant to which she is required to submit all of the claims made the basis of this lawsuit to arbitration. Accordingly, defendant's motion to dismiss or to stay, and to compel arbitration, is due to be granted. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

-8-

DONE this 15ᵗʰ day of January, 2004.

_____
United States District Judge